UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULA REYNOLDS, <br><br> Plaintiff, <br><br> v. <br><br> HALSTED FINANCIAL SERVICES LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:18-cv-05593 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Paula Reynolds ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Halsted Financial Services, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 and for violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 as Defendant engages in substantial business activity in this District, and a substantial part of the events or omissions giving rise to the claims occurred within this District, 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a natural person residing in the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is an Illinois corporation with is principal office located at 8001 North Lincoln Avenue, Suite 500, Skokie, Illinois 60077. Defendant is a third-party debt collector whose primary business is collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. On or around April 2018, Plaintiff began receiving collection calls to her cellular phone from Defendant in regards to an alleged defaulted Credit One Bank credit card account ("subject debt").

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2510. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Plaintiff has *never* had any business relationship with Defendant nor has she ever provided Defendant consent to call her cellular phone.

12. Upon speaking with Defendant, Plaintiff was informed that Defendant is acting as a debt collector attempting to collect upon the subject debt.

13. Frustrated by Defendant's calls, Plaintiff demanded that Defendant cease contacting her on her cellular phone.

14. Despite Plaintiff's demand that the calls cease, Plaintiff has still received constant phone calls from Defendant up until the filing of this complaint.

15. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop in April 2018.

16. Plaintiff has received no less than 34 phone calls from Defendant since asking it to stop calling.

17. During the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a system that is commonly used in the finance industry to collect defaulted accounts.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights.

## DAMAGES

21. Defendant's calls to Plaintiff's cellular phone have disrupted her everyday life and general well-being.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused

by the constant calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is to collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

28. Defendant used the telephone to attempt to collect the subject debt from Plaintiff personally and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant violated 15 U.S.C. §§1692c(a)(1)(2), d, and d(5), through its debt collection efforts on the subject debt.

    a. **Violations of FDCPA § 1692c**

30. Defendant violated §1692c(a)(1) when it continuously called Plaintiff without her prior consent and after being notified to stop on multiple occasions. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop

contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

31. Furthermore, Defendant has relentlessly called Plaintiff on no less than 34 occasions without her prior consent. The nature and frequency of the calls show that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

32. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

    **b. Violations of FDCPA §1692d**

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Specifically, §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant continuously called Plaintiff after being asked to stop placing calls to her cellular phone. Defendant called Plaintiff at least 34 times after she demanded that Defendant cease placing calls to her cellular phone. This repeated behavior of systematically calling Plaintiff's phone in spite of her demand was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's plea with the goal of annoying and harassing her.

    **c. Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff, no less than 34 times, in a short period of time after Plaintiff demanded that the calls cease. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As such, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff, Paula Reynolds, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The TCPA, pursuant to 47 U.S.C. §227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. §227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

6

40. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting a handful of seconds in length, that Plaintiff experiences during answered calls from Defendant is indicative that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's calls to Plaintiff's cellular phone points to the involvement of an ATDS.

41. Defendant violated the TCPA by placing at least 34 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff has never had any business relationship with Defendant nor has she given it permission to call her cellular phone. As such, Plaintiff could not have given Defendant consent to contact her. Even if Defendant did have consent to contact Plaintiff on her cellular phone, any such consent was explicitly revoked by virtue of Plaintiff's demand that Defendant cease placing calls to Plaintiff's cellular phone.

42. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43. Under the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C). Defendant's willful conduct is exemplified by its persistent calling of Plaintiff's cellular phone despite Plaintiff's demand that the calls cease.

**WHEREFORE**, Plaintiff, Paula Reynolds, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

7

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 15, 2018                                    Respectfully submitted,

/s/ Marwan R. Daher                                       /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                     Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                   *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                     2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                         Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109                        Telephone: (630) 575-8181 ext. 108
mdaher@sulaimanlaw.com                                    osulaiman@sulaimanlaw.com